## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-20789
Summary Calendar

————

FELICIA N. JONES,

     Plaintiff - Appellant

v.

UNITED STATES POSTAL SERVICE,

     Defendant - Appellee

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2067

————

United States Court of Appeals
Fifth Circuit
**FILED**
April 12, 2017

Lyle W. Cayce
Clerk

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

    The court has considered appellant's challenge to the dismissal of her complaints by the district court. According to the following discussion, we **AFFIRM**.

## BACKGROUND

    In her original complaint, Jones simply states that she is suing the United States Postal Service (USPS) for compensatory damages "on the

———————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20789

following grounds," and then lists an assortment of statutes, rules, and Constitutional provisions lacking logical relation.[1] Aside from this patchwork list, Jones's complaint is otherwise naked. It is completely void of factual assertions and provides no information concerning the USPS conduct she is seeking relief from or why she is entitled to that relief. Further, the complaint fails to state a legally cognizable claim at all. Regardless of the absence of factual support, it is impossible to determine what law Jones is alleging was violated by the USPS.

Jones's amended complaint appears to shed some light on the series of events that may form the basis of her claim. Attached to the amended complaint was a December 2014 letter from the USPS. The letter was sent to provide notice that the USPS computer systems had been hacked and that Jones's personal information may have been part of the compromised data.[2] It concluded with an apology and a statement that "the Postal Service is committed to taking steps to strengthen the security of our systems and provide you with the resources you need as a result of this incident."

Also attached to the amended complaint was a United States Equal Employment Opportunity Commission (EEOC) letter from March 2016. Jones had previously filed a complaint with the EEOC in June 2015 relating to the USPS letter, asserting that the USPS intentionally allowed the theft of her

---

[1] The statutes, rules, and other provisions listed by Jones were: "42 U.S.C § 1983 [Civil Action for Depravation of Rights]; 42 U.S.C. § 1988 [Proceedings in Vindication of Civil Rights]; U.S. Const. amend. IV; U.S. Const. amend. X; 28 U.S.C. § 1331 [Federal Question]; 28 U.S.C. § 1343(c) [Civil Rights and Elective Franchise]; 28 U.S.C. § 1367 [Supplemental Jurisdiction]; U.S. Const. Art. III; 28 U.S.C. § 1391(b) [General Venue]; Uniformed Services Employment and Reemployment Rights Act (USERRA); 5th Cir. R. 27 [Motions]; Tex. Civ. Prac. & Rem. Code § 37.002 [Uniform Declaratory Judgments Act]; Fed. R. Civ. P. 69 [Execution]; 18 U.S.C. § 3174 [Judicial Emergency and Implementation]."

[2] Jones was previously employed at a USPS facility in Houston, TX, but stopped working there in 1999.

2

identity in retaliation for a prior EEOC claim in 1993. The EEOC dismissed Jones's complaint for failure to state a claim under 29 C.F.R. § 1614.107(a)(1), and that dismissal was affirmed in an administrative appeal. The EEOC also denied Jones's request for reconsideration and granted her the right to file a civil action in district court within 90 days.

Unfortunately, any clarity provided by the letters appended to Jones's amended complaint is blurred by the complaint itself. The amended complaint is filed on an "Employment Discrimination Complaint" form, but again lacks any legal or factual allegations.

Based on the entries on the form, it appears Jones is alleging that the USPS discriminated against her on the basis of her race and gender by failing to promote her at some point in time. In the section titled "[w]hen and how the defendant has discriminated against the plaintiff"—where she should have provided the facts she believes entitle her to relief—Jones listed more statutes and regulations with no (or only a tangential) relation to an employment discrimination claim.[3] The amended complaint is also the first time Jones discloses her sought after relief: $500 billion.

Jones also filed an additional complaint that changes her theory of recovery entirely. The document is titled "Complaint for a Civil Case Alleging Breach of Contract" and lists the U.S. Attorney General and the U.S. Attorney's Office as additional defendants. Like the prior complaints, this pleading also lacks any factual allegations. The "Statement of Claim" section is blank, except for a paragraph that lists the elements for what appears to be a tortious interference with contract claim. No facts are offered to show the

---

[3] For example, Jones lists "Perjury" and "Whistleblower Protection" as two of the ways she was discriminated against.

subject of any alleged contract, when it was entered into, or how it was breached.

The complaint takes an even more curious turn in the "Relief" section, where Jones lists things like "F.B.I. involvement in this investigation" and "dog attack prior" as reasons why she is entitled to monetary relief on her contract claim. While the legal basis of the additional complaint—breach of contract—is much more clear, it still suffers from the same affliction as those before it—it is completely devoid of any factual support.

The district court dismissed Jones's case for failing to state a claim. Fed. R. Civ. Pro. 12(b)(6). Judge Hughes noted that "the court could not discern a timely legal theory in Jones's original, amended, or additional complaint against the [USPS]." The court also denied Jones's motion for default judgment, because the USPS was never served and its absence from the proceedings was not grounds for default.

## ANALYSIS

For a complaint to be valid, it must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The purpose of a complaint is to provide notice to the defendant of what the claim is and the "grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, (1957)). While this standard does not require "detailed factual allegations," it does demand more than conclusory statements or "threadbare recitals" of the elements of a particular cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1966). A complaint that merely tenders "naked assertion[s] devoid of further factual enhancement" is insufficient and fails to properly state a claim for relief. *Iqbal*, 556 U.S. at 678,

4

129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966) (internal quotation marks omitted).

The core objective when reviewing the sufficiency of a complaint is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclays Banks PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Jones has failed to meet the necessary requirements to properly state a claim for relief. Her pleadings do not even rise to the level of "threadbare recitals" of the elements of a cause of action. Jones simply lists statutes, rules, and Constitutional provisions as the "basis" for her claim, but the cited authorities are not topically related and provide no channeling assistance to guide the court to her ultimate allegation(s). Additionally, even if Jones had explicitly provided the legal theory she was pursuing, she did not provide any supporting factual allegations. Her claim lacks facial plausibility because there is nothing for the court to draw "reasonable inferences" on, and there is no misconduct alleged that the USPS could be held liable for. Therefore, Jones has failed to state a plausible, legally cognizable claim and the district court's dismissal on that basis was proper.

Further, this case presents the exact situation the Court noted in *Twombly*, where it recognized the significance of the pleading specificity requirements: "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people." *Twombly*, 550 U.S. at 557–58, 127 S. Ct. at 1966 (citations omitted) (internal quotation marks omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim

of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (citations omitted) (internal quotation marks omitted).

All three iterations of Jones's complaint failed to clearly articulate the legal and factual bases of her claim. As a result, she has not met the requirements of Federal Rule of Civil Procedure 8(a)(1) and has not properly stated a claim that would entitle her to any relief. For that same reason, the district court's dismissal of her case for failure to state a claim was proper.

Accordingly, the judgment of the district court is **AFFIRMED**.